# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ZACHARY RAULINS WILSON,

        Petitioner,    :    Case No. 3:16-cv-313

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

MICHAEL TUCKER,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

        This is a habeas corpus case brought pro se by Petitioner Zachary Wilson.  Mr. Wilson avers that he is confined in the Ross Correctional Institution (Petition, ECF No. 1, PageID 1, ¶ 2), but he has named The Honorable Michael Tucker, Judge of the Montgomery County Common Pleas Court, as Respondent in this case.  Wilson refers in his Petition to two cases on the docket of the Common Pleas Court, Case Nos. 2015 CR 02436 and 2015 CR 0866.  The docket in the lower case number shows that on November 4, 2015, Wilson was sentenced to a four-year term of confinement, concurrent with the sentence in the higher case number.  November 4, 2015, is the date of sentencing pled in the Petition, so the Court reads the Petition as referring to that conviction.

        Thus read, the Petition fails to name the proper party respondent.  The order for answer in a habeas corpus case is directed to the person having custody of the habeas petitioner.  While Judge Tucker might have been a proper respondent before judgment was entered in the Common

1

Pleas case, the docket shows an order to convey was filed November 5, 2015, and returned executed November 12, 2015. The proper respondent in this case is therefore the Warden of the Ross Correctional Institution. The Warden of that institution, Warden Mark Hooks, is hereby ORDERED substituted for Judge Tucker.

Wilson purports to bring this habeas corpus action under 28 U.S.C. § 2241. That is the statute generally conferring jurisdiction on judges and Justices of the United States to issue the writ of habeas corpus. However, in the case of persons in custody pursuant to a judgment of state court, 28 U.S.C. § 2254 applies and the writ may only be issued on the grounds that the person is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Furthermore, § 2254(b)(1) provides the writ shall not be issued unless it appears the applicant has exhausted available state court remedies. In the body of the Petition, Wilson says he never filed an appeal from the judgment which resulted in his imprisonment (See Petition, PageID 2-3, ¶¶ 7 and 8(b)). Although the time for filing an appeal of right has passed, Wilson may still be able to obtain a delayed appeal to the Second District Court of Appeals. In Ohio, the exhaustion requirement includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).

When a habeas petition includes unexhausted claims, the district court is obliged to dismiss it. *Rose v. Lundy,* 455 U.S. 509 (1982); *Pillette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). It is accordingly respectfully recommended that the Petition herein be DISMISSED WITHOUT PREJUDICE for failure to exhaust Wilson's state court remedies. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability

and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).